d in Providence/Bristol County Superior Court
mitted: 6/14/2021 3:39 PM
elope: 3144904
iewer: Victoria H

STATE OF RHODE ISLAND                SUPERIOR COURT
PROVIDENCE, SC.

BARRY J. O'CONNOR, JR.,           )
    Plaintiff,                    )
                                  )
vs.                               )   C.A. NO. PC2021-
                                  )
UNIVERSITY OF RHODE               )
ISLAND,                           )
    Defendant.                    )

## COMPLAINT AND JURY DEMAND

Plaintiff, Barry J. O'Connor, Jr., hereby complains as follows:

1.    Plaintiff is an individual residing in the City of Cranston, County of Providence, Rhode Island.

2.    Defendant, the University of Rhode Island ("URI") is a public corporation duly organized and existing under the laws of the State of Rhode Island with a principal place of business at Green Hall, 35 Campus Avenue, Kingston, Rhode Island.

## JURISDICTION

3.    The Superior Court has jurisdiction over this matter pursuant to R.I.G.L. § 28-5-24.1(b).

## FACTS

4.    At all times relevant to this matter, Plaintiff was employed by Defendant at URI's Office of Enrollment Services.

5.    Plaintiff is African American.

6.    In 2018, Plaintiff was hired by Defendant as an Assistant Director of Enrollment.

7. Due to the Defendant's discriminatory actions, Plaintiff was denied the opportunity to succeed in his new position. Once he started his employment, Plaintiff was told that he would be trained by his supervisor Bonnie Saccucci (Caucasian) and by an employee he supervised, Michelle Kassabian (Caucasian).

8. During Plaintiff's employment, Ms. Kassabian refused to train him. In almost every instance when Plaintiff would schedule a training session with her, Ms. Kassabian would leave work or call in sick. This occurred more than 30 times during this period.

9. Plaintiff learned that Ms. Kassabian told other employees that he was only hired because he is African American.

10. When Plaintiff complained to Ms. Saccucci about Ms. Kassabian's refusal to train him, she refused to act. At the same time, Ms. Saccucci questioned Plaintiff's capacity to handle his new position and did not provide any additional support.

11. Plaintiff then requested a meeting with Defendant's Director of Enrollment, Dr. Carnell Jones, and Ms. Saccucci to address the lack of training Plaintiff received from Ms. Saccucci and Ms. Kassabian.

12. Defendant responded to Plaintiff's concerns by issuing a Performance Improvement Plan ("PIP") to the Plaintiff as a reprimand.

13. Meanwhile, on information and belief, neither Ms. Saccucci, nor Ms. Kassabian received any form of reprimand for their failure to provide Plaintiff with his required training.

14. Included in the PIP was a requirement that Defendant's employees, Dr. Jones and Ms. Saccuci, would participate in weekly meetings with Plaintiff to discuss his progress with his training.

15. Neither Dr. Jones nor Ms. Saccucci fulfilled their obligation to meet with Plaintiff weekly.

16. On several occasions, Plaintiff spoke to Dr. Jones about the discriminatory treatment he received. Dr. Jones, who is also African American, volunteered that he experienced similar treatment from Ms. Saccucci, and he agreed that their treatment was based on their race.

17. In response to his unfair treatment, Plaintiff filed a Charge of Discrimination, which the Rhode Island Commission for Human Rights served on the Defendant on or about April 22, 2019.

18. In June 2019, Dr. Jones issued a memo that criticized Plaintiff's failure to obtain training. However, neither Dr. Jones nor Ms. Saccucci made any effort to train Plaintiff or respond to Plaintiff's requests for training.

19. In fact, Defendant began removing responsibilities from Plaintiff. As of August 2019, Plaintiff was no longer allowed to perform certain work that was his responsibility under his job description.

20. Plaintiff asked Dr. Jones to allow Plaintiff the proper authorizations to perform the proper responsibilities of his job, but Dr. Jones declined.

21. Defendant then moved Plaintiff from its main office to a satellite office in Providence; further isolating him.

22. Defendant ultimately terminated Plaintiff at the end of 2019. Ms. Kassabian was then chosen to fill Plaintiff's position.

## COUNT I
(R.I. Gen. Laws § 28-5-1, et. seq.,
Rhode Island Fair Employment Practices Act)

23. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 22 of this Complaint.

24. Plaintiff is a member of a protected class;

25. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of his membership in that protected class;

26. As a result of the Defendant's actions, the Plaintiff has been damaged.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgement awarding Plaintiff compensatory damages for lost wages and mental anguish, punitive damages, attorney's fees, costs, and other such relief as this Court deems just and proper.

## COUNT II
(R.I. Gen. Laws § 28-5-7(5) – Retaliation)

27. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 22 of this Complaint.

28. During the duration of Plaintiff's employment, Plaintiff complaint about Defendant's discriminatory treatment and otherwise opposed this discrimination;

29. Defendant engaged in various acts of retaliation against the Plaintiff because of the Plaintiff's opposition to this treatment;

30. Plaintiff was damages as a result of the Defendant's retaliation.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgement awarding Plaintiff compensatory damages for lost wages and mental anguish, punitive damages, attorney's fees, costs, and other such relief as this Court deems just and proper.

## COUNT III
(Civil Rights Act of 1990,
R.I. Gen Laws §42-112-1 et seq.)

31. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 22 of this Complaint.

32. Plaintiff is a member of a protected class;

33. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of his membership in that protected class;

34. As a result of the Defendant's actions, the Plaintiff has been damaged.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgement awarding Plaintiff compensatory damages for lost wages and mental anguish, punitive damages, attorney's fees, costs, and other such relief as this Court deems just and proper.

## COUNT IV
(Civil Rights Act of 1991,
42 U.S.C. § 1981 et seq.)

35. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 22 of this Complaint.

36. Plaintiff is a member of a protected class;

37. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of his membership in that protected class;

38. As a result of the Defendant's actions, the Plaintiff has been damaged.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgement awarding Plaintiff compensatory damages for lost wages and mental anguish, punitive damages, attorney's fees, costs, and other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all appropriate causes of action.

        Plaintiff,

        BARRY J. O'CONNOR, JR.,

        By his attorney,

        /s/Joseph R. Daigle
        Joseph R. Daigle, #5429
        DAIGLE LAW, P.C.
        650 Ten Rod Road, Suite 128B
        North Kingstown, RI, 02852
        (401) 379-9675 (tel)
        (401) 633-6217 (fax)
        jrd@jdaiglelaw.com

Dated: June 14, 2021