UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |   |
|---|---|---|
| BARRY J. O'CONNOR, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. NO. 1:21-cv-00343-MSM-PAS |
| | ) | |
| UNIVERSITY OF RHODE ISLAND, | ) | |
| Defendant. | ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Barry J. O'Connor, Jr., hereby opposed Defendant's Motion to Dismiss.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Mayale-Eke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 754 F. Supp. 2d 372, 375-76 (D.R.I. 2010) (citing Twombly at 570). To be facially plausible, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly at 556). "Although for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id.

In Ashcraft v. Iqbal, the Supreme Court outlined a three part test for reviewing a complaint; (1) a court will determine a pleading's allegations "are not entitled to the assumption of truth" when they are "supported by mere conclusory statements," (2) "when there are well-pleaded factual allegations, a court should assume their veracity," and (3) "only a complaint that states a plausible claim for relief survives a motion to dismiss." 556 U.S. 662, 664 & 679 (2009). According to Iqbal, determining the plausibility of factual allegations "requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Ultimately, the court must draw all reasonable inferences in the light most favorable to the complainant. See Gargano v. Liberty Int'l Underwriters, 572 F.3d 45, 48 (1st Cir. 2009).

## ARGUMENT

### I. Defendant's Arguments Are Based on a Misreading of the Amended Complaint and the Law

Defendant's first attack on Plaintiff's Amended Complaint focuses on Paragraphs 7, 9 and 16 of Plaintiff's Amended Complaint, alleging that what appear to be statements of fact should not be treated as such. It argues that Paragraph 7 of the Amended Complaint is "purely conclusory" and "containing no recitation of factual allegations whatsoever." The passages states:

> Due to the Defendant's discriminatory actions, Plaintiff was denied the opportunity to succeed in his new position. Once he started his employment, Plaintiff was told that he would be trained by his supervisor Bonnie Saccucci (Caucasian) and by an employee he supervised, Michelle Kassabian (Caucasian).

While it is true that the first sentence is more in the nature of a theme setting introduction than a statement of a specific fact, the second sentence is the opposite – a specific assertion about what Plaintiff was told to expect when he began employment. This fact specific paragraph does not, as Defendant argues, make Plaintiff's Amended Complaint comparable to the facts of Solola v. Prospect CharterCARE, LLC. (2016 WL 4385889 at *2), in which the plaintiff's entire complaint

was almost entirely lacking in statements of fact supporting his claim. Unlike that plaintiff's pro se complaint, (as detailed below) Mr. O'Connor's Amended Complaint does not just claim discrimination in a conclusory manner - he provides the approximate dates, the nature of his unfair treatment, and often identifies who was responsible for it.

> ### The Court Should Disregard Defendant's Arguments Pertaining to Hearsay and Theories of Liability Because Neither Argument Addresses the Sufficiency of Plaintiff's Allegations
>
> Defendant relies on a decision that notably dealt with the admissibility of hearsay.
>
> "Plaintiff learned that Ms. Kassabian told other employees that he was only hired because he is African American."

Complaint at ¶ 9. Defendant then implies that <u>Rice v. Wells Fargo Bank, N.A.</u> supports the proposition that such evidence should be disregarded in a complaint. 2 F.Supp. 3d 25, 34-35 (D. Mass. 2014) But that case, which dealt primarily with the admissibility of an affidavit supporting a motion for preliminary injunction, does not stand for that proposition. In fact, the part of the <u>Rice</u> decision that addresses this issue merely recites the same general standards that have already been set forth multiple times in Defendant's memorandum.[1] Finally, applying a rule of evidence to a pleading is particularly problematic where, as here, the plaintiff is stating that other witnesses can be called to testify as to the presence of discriminatory animus.

Next, Defendant claims that the Court should not accept Plaintiff's allegation in Paragraph 16 that Defendant's Director of Enrollment, Dr. Carnell Jones, admitted to Plaintiff that he himself had been subjected to mistreatment by Plaintiff's supervisor and confirming that the behavior of

---

[1] The <u>Rice</u> decision sets forth the following on the issue: "A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" In considering a motion to dismiss, a court takes "all factual allegations as true and [draws] all *reasonable* inferences in favor of the plaintiff." Nevertheless, a complaint is insufficient when it offers "'naked assertion[s]' devoid of 'further factual enhancement.'" In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A plausible claim is one that states "more than a sheer possibility" that the defendant acted unlawfully. Stating facts that are "'merely consistent with' a defendant's liability [] 'stops short of the line between possibility and plausibility.'" <u>Rice v. Wells Fargo Bank, N.A.</u>, 2 F. Supp. 3d 25, 34-35 (D. Mass. 2014).

which Mr. O'Connor complained was motivated by race. Defendant claims that this statement is inadmissible hearsay, apparently forgetting that Dr. Jones was Plaintiff's supervisor's supervisor. This statement was made by Defendant's agent regarding a matter within the scope of his employment and is, therefore, not hearsay. Federal Rule of Evidence 801(d)(2). Moreover, Defendant's contention, that Dr. Jones's statement demonstrates his own racial sensitivity - which would be at odds with a discriminatory motive - assumes too much for the allegations within the Amended Complaint. At this stage, the Court need only assume Plaintiff's factual allegations are true. Whether Dr. Jones felt conflicted or had remorse about his actions is not a proper inquiry at this time and should be explored through discovery.

Lastly, Defendant's alternative argument regarding Kassabian's and Dr. Jones's statements is misplaced in a motion to dismiss. Defendant argues that the Court should disregard their statements because the Amended Complaint does not allege any facts relating to a "cat's paw" or "rubber stamp" theory. However, both "cat's paw" and "rubber stamp" are not causes of action that need to be pled in a complaint, but instead are theories of liability which are more fully realized after discovery. As such, this Court should allow Plaintiff the opportunity to perform adequate discovery to determine whether such theories of liability can be substantiated.

### Defendant's Motion Relies on Its Own Assumptions as a Justification to Dismiss Plaintiff's Amended Complaint

First, Defendant argues that an employer cannot be held responsible when the party claiming discriminatory treatment is claiming it occurred at the hand of his own subordinate – a slanted interpretation of the allegations. At best, this argument seems more suited for a Summary Judgment motion, given that many factors would have to be considered. But the Court need not consider them because, in truth, Defendant is missing the forest for the trees. Plaintiff alleges:

1. When his employment began, Plaintiff was to be trained by Bonnie Saccucci (his superior) and Michelle Kassabian (his subordinate) (paragraph 7);
2. Ms. Kassabian refused to train him (paragraph 8);
3. Ms. Saccucci refused to order Kassabian to train him, *refused to provide other support*, and responded to Plaintiff's complaints by calling into question his abilities (paragraph 10);
4. Ms. Saccucci refused to meet with Plaintiff after it was mandated that she do so to help him improve his performance (paragraphs 12, 14, 15);
5. The Director of Enrollment, Dr. Carnell Jones, confirmed that Ms. Saccucci's previous actions had been motivated by race (paragraph 16).

The focus of Plaintiff's discrimination claim is not solely on Ms. Kassabian.

Similarly, Defendant makes the unwarranted assumption that Plaintiff intends to put the blame for his discriminatory treatment on Dr. Jones. First, it should be noted that Plaintiff does not claim that Dr. Jones made the decision to demote, isolate and terminate Plaintiff's employment. These actions are ascribed to "Defendant". (Amended Complaint, paragraphs 21-22) Second, Defendant argues that Plaintiff's failure to allege facts that show that Dr. Jones had discriminatory motive is a ground for dismissal. This assumes that Dr. Jones, and only Dr. Jones, could have made the decisions that discriminated and retaliated against Plaintiff. Plaintiff has not had the opportunity to perform discovery and ascertain Defendant's decision-making process or who was involved. As such, the Court should disregard Defendant's argument and allow the parties the opportunity to perform discovery.

## II. Even Using a Stricter Pleading Standard, Plaintiff's Complaint Alleges Sufficient Factual Matter to "State A Claim of Relief That Is Plausible On Its Face"

<u>Swierkiewicz v. Sorema N.A</u>. established that the prima facie case of discrimination required under the <u>McDonnell Douglas</u> standard "is an evidentiary standard, *not a pleading requirement*." 534 U.S. 506, 510 (2002). Stated more explicitly, "this Court has never indicated that the requirements for establishing a prima facie case under <u>McDonnell Douglas</u> also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." <u>Id.;</u> <u>see</u>

also, Rodriguez-Reyes v. Molina-Rodriguez 711 F.3d 49, 53 (1st Cir. 2013) (requiring a plaintiff to allege sufficient facts to support prima facie case would set up "a crucible hotter than the plausibility standard demands."); Barbosa v. Continuum Health Partners, Inc., 09 Civ. 6572(SAS), 716 F. Supp. 2d 210, 2010 U.S. Dist. LEXIS 21052, at *8 (S.D.N.Y. Mar. 5, 2010. at 511). Nevertheless, with one exception, Plaintiff's Amended Complaint alleges sufficient facts to support the prima facie elements of his discrimination and retaliation claims.

To establish a prima facie case of racial discrimination, a Plaintiff must show "(1) he belonged to a protected class; (2) he was performing his job at a level that rules out the possibility that he was fired for job performance; (3) he suffered an adverse job action by his employer; and (4) his employer sought a replacement for him with roughly equivalent qualifications." Douglas v. J. C. Penney Co., 422 F. Supp. 2d 260, 273 (D. Mass. 2006). Plaintiff alleges:

1. Plaintiff was a member of a protected class (African American) (paragraph 5);

2. At all times relevant to this matter, Plaintiff performed the duties of his job at an acceptable level for a new employee[2] (paragraph 6);

3. Plaintiff was denied training required to perform his job (paragraphs 8 and 10) and (paragraph 10 and 13). Defendant then terminated Plaintiff's employment (paragraph 22);

---

[2] Claiming some level of mastery over the essential functions of a job is not a requirement of the prima facie case. Given that Plaintiff was new to the job, that the discrimination he alleges includes failure to train him, and that he was not even allowed to perform the duties of his job for the last months of his employment. In deciding summary judgment on a discrimination case, the one court noted. See, e.g., Howard v. Jacobs Eng'g, Inc., 716 F. Supp. 2d 510, 520 (S.D. Tex. 2008)("A jury, however, could still conclude that Plaintiff's initial lack of training, possibly racially based, created an atmosphere where he continued to fall behind in his work such that even the subsequent individualized training could not remedy his shortcomings. A jury could therefore infer that the initial **lack of training** set off a chain of events that lead to a racially motivated decision to fire him." [Emphasis added]).

4. Defendant replaced him with Michelle Kasabian (paragraph 22) who is Caucasian (paragraph 7) and - because she is someone who reported to Plaintiff (paragraph 7) - she had similar qualifications.

It should also be noted that the prima facie elements <u>do not</u> require factual assertions that the unfair treatment occurred because of race.[3] (Plaintiff has alleged factual support for that, too. (Paragraphs 16 and 25).)

Plaintiff has also alleged facts supporting a prima facie case of retaliation. The prima facie elements are: 1) he engaged in protected conduct under the FEPA statute (R.I. Gen. Laws § 28-5-7(5)), 2) he experienced an adverse employment action, and 3) there was a causal connection between the protected conduct and the adverse employment action. See McElroy v. Fidelity Invs. Institutional Servs. Co., 298 F.Supp.3d 357, 366 (D.R.I 2018). In his Amended Complaint, Plaintiff alleges:

1. Plaintiff reported or opposed discriminatory treatment in the workplace by filing a Charge of Discrimination (paragraphs 16-17);

2. Plaintiff experienced adverse employment actions – Defendant reduced his job responsibilities, moved him to a satellite office, then terminated his employment (paragraphs 18-22); and

3. There was a causal connection between Plaintiff's charging Defendant with discrimination and the adverse employment action - less than two months after Plaintiff's Charge of Discrimination was served on Defendant, he had a negative

---

[3] Requiring a plaintiff to allege facts regarding an employer's state of mind would create an obstacle that is hard to overcome. "[V]irtually the only way Plaintiff would know such information at this juncture would be if Defendants had told him that he was being disciplined and terminated because customers had complained about his race, national origin, and religion. It is unrealistic to think that in the 21st century any sophisticated employer would make such a statement to an employee." Mayale-Eke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 754 F. Supp. 2d 372, 380.

performance review. He was relegated to the satellite office with diminished responsibilities two months after that and was terminated before the year ended. (Id.)

Even applying the more burdensome prima facie pleading standard, Plaintiff's Complaint alleges sufficient factual basis for him to proceed with his claims.

### III. Plaintiff has Correctly Pleaded "But-For" Causation in his Civil Rights Claim

Defendant cites to Comcast Corp. v. Nat'l Ass'n of African American-Owned Media for the proposition that a plaintiff must allege "but-for" causation under the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq. 140 S.Ct. 1009, 1019 (2020). While Comcast does state the rule Defendant cites, it does not provide any guidance as to how a plaintiff is to meet the standard.

> We do not, however, pass on whether ESN's operative amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" under the but-for causation standard.

Id. The implication of this sentence is that a plaintiff's complaint need not use the magic words "but-for", but that, upon reading the factual matters asserted and accepting them to be true, the reviewing court finds that "but-for" causation may be found.

In his Amended Complaint, Plaintiff claims that - at all times relevant to this matter - he performed the duties of his job at an acceptable level. (Amended Complaint at 6) He alleges that Defendant discriminated against him with respect to the terms, conditions, and privileges of employment because of his race (Id. at 37) – i.e., that he was denied training and opportunity to succeed (Id. at 18-20), and this was due to Defendant's discriminatory actions. (Id. at 7)

Plaintiff's Amended Complaint ties the discriminatory acts directly to Defendant's racial animus without ambiguity. No superseding motive is ascribed to Defendant's action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

       Plaintiff,

       BARRY J. O'CONNOR, JR.,

       By his attorney,

       /s/ Joseph R. Daigle
       Joseph R. Daigle, #5429
       DAIGLE LAW, P.C.
       650 Ten Rod Road, Suite 128B
       North Kingstown, RI, 02852
       (401) 379-9675 (tel)
       (401) 633-6217 (fax)
       jrd@jdaiglelaw.com

Dated: November 16, 2021

## CERTIFICATION

I hereby certify that I served a copy of the above on all parties of record electronically on November 16, 2021.

       /s/ Joseph R. Daigle